## SUPREME COURT.

### ASTIE agt. LEEMING and others.

*Injunction — Answer — Parties — Waiver.*

A court is not justified in interfering with an injunction, unless the equities of the complaint be denied on positive knowledge and not on information and belief.

To authorize an injunction restraining the employment of any agent other than the plaintiff by the successors of one who had contracted that such plaintiff should be his sole agent, it is not necessary to show that the successors knew the terms of the contract under which such agent was appointed ; it is sufficient to show that they knew him to be acting as agent; it was for the successor to inquire as to the terms of the appointment.

An objection that the necessary parties are not before the court must be raised by the answer. If not so raised it must be deemed waived, and cannot be urged upon a motion to vacate an injunction.

*Special Term, August,* 1877.

VAN BRUNT, *J.*—One Henri Nestle was, prior to the month of August, 1870, the manufacturer of an article of food called "farine lactee," in Switzerland. At the above date he entered into a contract with the plaintiff, giving him the exclusive right to sell this product in all North America, and bound his successors by that contract. Early in the year 1875, Nestle sold out his business to Messrs. Roussi, Monnerat & Marquis, as is claimed by the plaintiff, or to a corporation in which these gentlemen were members of the board of directors. That the sale was not to a corporation would seem to be evidenced by the fact that Mons. Monnerat, in a letter of the 25th of March, 1875, to the plaintiff, speaks of " our

said firm having taken possession of the factory," &c. Subsequently the defendants Leeming & Woodruff were appointed the agents for the sale of the said article of food in the United States, by the successors of Henri Nestle.

This action is brought to restrain the defendants, Leeming & Woodruff from the sale of such article of food, and from acting as the agents for the sale thereof.

The defendants Leeming & Woodruff, who alone have appeared, claim that the injunction should be dissolved, upon the grounds: First. That all the equities of the complaint are denied by the answer. Secondly. That Nestle never assigned his business to Roussi & Co. Thirdly. That the plaintiff has failed to perform his contract with Nestle. Fourthly. That a new and different contract was entered into between the successors of Nestle and the plaintiff; and, lastly. That the successors of Nestle are not bound by his contract with the plaintiff, not having any notice of the same at the time of the transfer of the business to them.

The first ground is not well taken, because the equities of the complaint are denied on information and belief in the answer, and the verification gives no guide whatever as to what allegations are claimed to be denied on positive knowledge and what on information and belief. Most of the denials must have been upon information and belief, because the facts could not have been possibly within the personal knowledge of the defendant verifying the answer.

The denial in the answer that at the time of the transfer the successors of Nestle had no knowledge of the existence of the contract mentioned in the complaint may be entirely true; but that the said successors knew that the plaintiff was acting as the agent of Nestle, under some contract, is amply evidenced by the correspondence, and such being the fact, it was their duty to ascertain the terms of the contract. As to the second ground of objection, it is sufficient to say that Nestle assigned his business to the principals of Leeming & Woodruff; and the conclusion plainly deducible from the

correspondence is, that it was to a firm and not to a corporation (*see letter from Monnerat to plaintiff, March* 25, 1875); and even if said assignment was to a party not made a defendant in this action, the defendants Leeming & Woodruff, by their answer, must raise the objection that the necessary parties are not before the court, or otherwise that objection must be deemed waived. No such objection has been raised by the defendants' answer in this case. As to the third objection, the correspondence shows that the successors of Nestle made some complaint that the plaintiff had not complied with his contract, after they had desired to get rid of him, and that the plaintiff claimed that he had performed his contract, and the particulars of the performance are given ; and this court will not hold that contract broken, except upon decidedly more conclusive evidence than has been presented upon this application.

As to the fourth objection, it will be sufficient to say, that the allegation in the answer of the entering into a new agreement between the plaintiff and the successors of Nestle, is evidenced only by the affidavit of Constans Rubdy, who swears he was told by Messrs. Monnerat & Roussi, that such new agreement had been entered into December, 1875, in Switzerland. Such evidence, of course, is entirely insufficient to sustain an affirmative allegation of an answer upon a motion of this description. The correspondence does not show that the plaintiff ever waived any rights under his contract with Nestle, except possibly as to Canada. It seems to me that the motion to vacate the injunction must be denied, with costs.